IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>CARLOS ARMANDO GALAZ-FELIX,<br>a.k.a. TOPO,<br><br>                  Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 1:03-cr-00062-TC-4 |

Mr. Carlos Armando Galaz-Felix has moved for modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Mr. Galaz-Felix contends that Amendment 782 to the United States Sentencing Guidelines Manual (Guidelines, or U.S.S.G.) permits a reduction. Because, as explained below, the application of Amendment 782 would not alter Mr. Galaz-Felix's Guidelines sentencing range, the court does not have the authority to grant Mr. Galaz-Felix's Motion and denies it.

Background[1]

A jury convicted Mr. Galaz-Felix of conspiracy to distribute 500 grams or more of a mixture containing methamphetamine, possession of a firearm by an illegal alien, and unlawful reentry by a deported alien. At sentencing, the district court found that the conspiracy of which Mr. Galaz-Felix was convicted involved the equivalent of 441,179.2 kilograms of marijuana, which resulted in an offense level of thirty-eight. The district court enhanced Mr. Galaz-Felix's offense by four levels for his leadership role, gave him a two-level enhancement for possession of a firearm in connection with the offense, and a two-level enhancement for his perjury during a motion to suppress. These three enhancements resulted in a total offense level of forty-six. Mr. Galaz-Felix's criminal history category was II, with a Guidelines recommendation of life imprisonment. The court sentenced Mr. Galaz-Felix to life imprisonment.

Mr. Galaz-Felix filed an appeal, arguing that the district court had committed error in three ways: (1) by denying his motion to suppress, (2) by admitting drug ledgers into evidence, and (3) by improperly enhancing his sentence based on judge-found facts. The appellate court rejected Mr. Galaz-Felix's first two arguments but remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005), which was decided while Mr. Galaz-Felix's appeal was pending. See United States v. Galaz-Felix, 160 F. App'x 787 (10th Cir. 2005) ("Galaz-Felix I").

On remand, the district court made the same calculations, again finding that the marijuana equivalent was 441,179.2 kilograms and the same three enhancements applied. But

---

[1] The decision in United States v. Galaz-Felix, 221 F. App'x 790 (10th Cir. 2007) ("Galaz-Felix II") gives a detailed description of the factual and procedural background of Mr. Galaz-Felix's case.

this time, although the Guidelines recommendation was still life imprisonment, the district court considered the factors in 18 U.S.C. § 3553 and found that a reasonable sentence was 360 months in custody, followed by ten years of supervised release.

Mr. Galaz-Felix again filed an appeal to the Tenth Circuit, challenging the factual basis of the district court's drug quantity calculation and the three sentencing enhancements. See Galaz-Felix II, 221 F. App'x at 791. The Tenth Circuit denied his appeal. Id. at 799.

Now Mr. Galaz-Felix asks the court to reduce his sentence, contending that 18 U.S.C. § 3582(c)(2) allows the court to make the reduction because Amendment 782 had lowered Mr. Galaz-Felix's Guidelines range.

Analysis

Mr. Galaz-Felix is correct that 18 U.S.C. § 3582(c)(2) permits a court to reduce a sentence that was based on a Guidelines range that is later lowered by the U.S. Sentencing Commission. But there is an important restriction on the court's authority. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The applicable policy statement for § 3582(c)(2) is found at U.S.S.G § 1B1.10. This guideline prohibits application of an amendment if it "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Although Amendment 782 does modify the drug-quantity tables to reduce the base-offense levels for various drug crimes, under Amendment 782's revised drug-quantity table, the approximately 441,000 kilograms of marijuana equivalent for which Mr. Galaz-Felix is

3

responsible would still result in a base offense level of thirty-eight. See U.S.S.G. § 2D1.1(c)(1) (2014) (assigning a base offense level of thirty-eight to 90,000 kilograms or more of marijuana).

Because Mr. Galaz-Felix had a base offense level of thirty-eight before and after application of Amendment 782, Amendment 782 does not lower his Guidelines range and he is not entitled to relief under 18 U.S.C. § 3582(c)(2).

For the foregoing reasons, Mr. Galaz-Felix's Motion (ECF No. 858) is DENIED.

SO ORDERED this 30th day of January, 2019.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge